IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,903






EX PARTE SHAWN K. ODNEAL, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM JEFFERSON COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Article 11.07, § 3, et seq., V.A.C.C.P. Applicant was convicted of the felony
offense of aggravated sexual assault of a child, and punishment was assessed at life
imprisonment. Applicant's direct appeal was dismissed for want of jurisdiction. Odneal v.
State, No. 09-00-00200-CR (Tex. App. -- Beaumont, delivered June 8, 2000, no pet.).

 Applicant contends that he was denied his right to effective assistance of counsel on
appeal. The trial court entered findings of fact and conclusions of law recommending that
Applicant be granted an out-of-time appeal. We agree. Article 26.04 (j) (2), V.A.C.C.P.,
requires appointed counsel to "represent the defendant until charges are dismissed, the
defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties or
replaced by other counsel". The duty to perfect an appeal attaches whether counsel is
appointed or retained. See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing
that Applicant wanted to appeal, counsel had the duty to timely file a motion for new trial or
give timely notice of appeal, unless relieved by the trial court or replaced by other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from his
conviction in cause number 77455-A from the Criminal District Court of Jefferson County. 
The proper remedy in a case such as this is to return Applicant to the point at which he can give
notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall
be calculated as if the conviction had been entered on the day that the mandate of this Court
issues. We hold that Applicant, should he desire to prosecute an appeal, must take affirmative
steps to see that notice of appeal is given within thirty days after the mandate of this Court has
issued.



DO NOT PUBLISH

DELIVERED: March 3, 2004